

**Your Missouri Courts**    case.net

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print    GrantedPublicAccess **Logoff MJ_TOLLES1**

**18SL-CC01759 - BHUPENDRA BHAKTA ET AL V CITY OF BRIDGETON (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**    Sort Date Entries: ○ Descending   Display Options: All Entries ▾
**Click here to Respond to Selected Documents**    ● Ascending

---

**04/25/2018**   ☐ **Judge Assigned**
DIV 36

☐ **Pet Filed in Circuit Ct**
Petition for Mandamus.
   **On Behalf Of:** BHUPENDRA BHAKTA, ALKA BHAKTA, BALAJI HOSPITALITY LLC

☐ **Filing Info Sheet eFiling**
   **Filed By:** W LAIRD HETLAGE

**05/03/2018**   ☐ **Memorandum Filed**
Memorandum in Support of Relators Petition for Mandamus.
   **Filed By:** W LAIRD HETLAGE

☐ **Proposed Order Filed**
Preliminary Order in Mandamus.
   **Filed By:** W LAIRD HETLAGE
   **On Behalf Of:** BHUPENDRA BHAKTA, ALKA BHAKTA, BALAJI HOSPITALITY LLC

**05/25/2018**   ☐ **Notice of Hearing Filed**
Notice of Hearing.
   **Filed By:** W LAIRD HETLAGE
   **On Behalf Of:** BHUPENDRA BHAKTA, ALKA BHAKTA, BALAJI HOSPITALITY LLC

**05/29/2018**   ☐ **Entry of Appearance Filed**
Entry of Appearance of Michael J Tolles; Electronic Filing Certificate of Service.
   **Filed By:** MICHAEL JAMES TOLLES
   **On Behalf Of:** CITY OF BRIDGETON

☐ **Motion for Change of Judge**
Defendants Motion for Change of Judge; Electronic Filing Certificate of Service.
   **Filed By:** MICHAEL JAMES TOLLES
   **On Behalf Of:** CITY OF BRIDGETON
   **Associated Entries: 05/31/2018 - Order for Change of Judge**

**05/31/2018**   ☐ **Judge Assigned**
The Above Cause is Assigned to Division __19__, By Order of the Presiding Judge, For Hearing and Determination. Notice Mailed This Day to Parties of Record and Copy Filed.

☐ **Order for Change of Judge**
MOTION FOR CHANGE OF JUDGE GRANTED. SO ORDERED: JUDGE JOSEPH L. GREEN
   **Associated Entries: 05/29/2018 - Motion for Change of Judge**

**07/30/2018**   ☐ **Counterclaim\Petition Filed**
Answer, Affirmative Defenses, and Counter-Claim; Exhibit A; Exhibit B; Electronic Filing Certificate of Service.
   **Filed By:** MICHAEL JAMES TOLLES
   **On Behalf Of:** CITY OF BRIDGETON

*Exhibit 1*

Case: 4:19-cv-01379   Doc. #:  1-1   Filed: 05/20/19   Page: 2 of 80 PageID #: 7

**08/01/2018**   ☐ **Notice**

**08/24/2018**   ☐ **Answer Filed**
Answer to Counterclaim; Electronic Filing Certificate of Service.
   **Filed By:** W LAIRD HETLAGE
   **On Behalf Of:** BHUPENDRA BHAKTA, ALKA BHAKTA, BALAJI HOSPITALITY LLC

**10/01/2018**   ☐ **Judge Assigned**
Cause reassigned to Judge Dean P. Waldemer, for hearing and determination effective 10-01-18, per Presiding Judges Administrative Order.

**01/16/2019**   ☐ **Case Mgmt Conf Scheduled**
   **Associated Entries: 02/14/2019 - Case Mgmt Conf Held**
   **Scheduled For:** 02/14/2019;  10:00 AM ;  DEAN PAUL WALDEMER;  St Louis County
   ☐ **Notice**

**02/14/2019**   ☐ **Case Mgmt Conf Held**
   **Scheduled For:** 02/14/2019;  10:00 AM ;  DEAN PAUL WALDEMER;  St Louis County
   ☐ **Order**
CASE MANAGEMENT CONFERENCE CALLED. MOTION FOR LEAVE TO FILE AMENDED PETITION GRANTED. COPIES HANDED TO THE ATTYS. SO ORDERED: JUDGE DEAN P. WALDEMER - DIV. 8

**05/09/2019**   ☐ **Mot to Join Additional Party**
Motion to Join Party Defendant; Electronic Filing Certificate of Service.
   **Filed By:** W LAIRD HETLAGE
   ☐ **Amend Pet/Mot to Modfy Filed**
Amended Petition for Damages; Electronic Filing Certificate of Service.
   **Filed By:** W LAIRD HETLAGE
   **On Behalf Of:** BHUPENDRA BHAKTA, ALKA BHAKTA, BALAJI HOSPITALITY LLC
   ☐ **Note to Clerk eFiling**
   **Filed By:** W LAIRD HETLAGE

**05/15/2019**   ☐ **Notice of Hearing Filed**
Notice of Hearing; Electronic Filing Certificate of Service.
   **Filed By:** W LAIRD HETLAGE
   **On Behalf Of:** BHUPENDRA BHAKTA, ALKA BHAKTA, BALAJI HOSPITALITY LLC
   ☐ **Note to Clerk eFiling**
   **Filed By:** W LAIRD HETLAGE

**18SL-CC01759**

Electronically Filed - St Louis County - April 25, 2018 - 04:49 PM

## IN THE CIRCUIT COURT OF THE COUNTY OF SAINT LOUIS
## STATE OF MISSOURI

State ex rel. BHUPENDRA BHAKTA )
a/k/a BOB BHAKTA,  ALKA BHAKTA, )
                                          )
and                                      )
                                         )
BALAJI HOSPITALITY LLC,     )
                                         )
       Relators,                )
                                         )      **Cause No.** _____
v.                                      )
                                         )      **Division No.** _____
CITY OF BRIDGETON,         )
CAROL A. STAHLHUT, CITY CLERK )
                                         )
Serve at:                        )
12355 Natural Bridge Road     )
Bridgeton, Missouri 63044-2020  )
                                         )
       Defendant.            )

### PETITION FOR MANDAMUS

### COUNT I

       COME NOW, State of Missouri, ex rel. Bhupendra Bhakta a/k/a Bob Bhakta, Alka Bhakta and Balaji Hospitality LLC (collectively, "Relators"), and for Count I of their Petition for Declaratory Judgment Against Defendant the City of Bridgeton, state to the Court as follows:

       1.      Bhupendra Bhakta a/k/a Bob Bhakta and Alka Bhakta ("Relator Bhakta") are individuals and residents of the County of St. Louis, State of Missouri and members of Balaji Hospitality, LLC.

       2.      Balaji Hospitality, LLC ("Relator Balaji Hospitality") is a Missouri limited liability company in good standing and doing business in the County of St. Louis, State of Missouri.

Electronically Filed - St Louis County - April 25, 2018 - 04:49 PM

3.      Defendant the City of Bridgeton ("Defendant") is a charter city located in the County of St. Louis, State of Missouri.

4.      Relators own and operate The Capital Inn located at 3655 Pennridge Drive, Bridgeton, Missouri.

5.      Relators applied to Defendant for a business license and license endorsement pursuant to Section 610.130 of the Bridgeton Code of Ordinances.

6.      On or about March 21, 2018, Defendant, by and through Carol A. Stahlhut, City Clerk, denied Relators' application for a license and hotel endorsement.  A copy of the notice of denial is attached hereto, marked Exhibit 1 and incorporated herein by reference.

7.      Relators are in compliance with the requirements of Section 610.130 of the Bridgeton Code of Ordinances.

8.      Relators have paid all taxes due to Defendant, have no extended stay lodgers, and prohibit portable or open flame cooking devices.

9.      Code violations for minor repairs to the facility which do not affect customer safety are not a basis to deny a license under section 610.130 Bridgeton Code.

10.     The Capital Inn is kept in a clean and sanitary condition, in good repair, and is maintained and operated with strict regard to health and safety of its guests.

11.     Section 610.130(n) of the Bridgeton Code of Ordinances applies only to "Guest Rooms."  Guest rooms are defined under the Section 610.130(h) as "any room or unit in a lodging establishment where sleeping accommodations are regularly furnished to the public." Vacant rooms which are not regularly furnished to the public under the definition are therefore not subject to the provisions of Section 610.130(n).

Electronically Filed - St Louis County - April 25, 2018 - 04:49 PM

12.     As a result, Relators are entitled to issuance of a license to do business and a hotel endorsement from Defendant.

13.     The denial of the license and hotel endorsement by Defendant was contrary to law, and was arbitrary and capricious.

WHEREFORE, Relators pray this Court enter a Preliminary Order in Mandamus, judgment of Mandamus ordering the City of Bridgeton to issue a License and Hotel endorsement to Relators, order Carol A. Stahlhut, City Clerk, to issue said license and endorsement, and order Defendant to pay Relators' costs and court and attorney's fees, plus such further relief as this Court deems just and proper.

## COUNT II

COME NOW Relators, and, in the alternative, for Count II of their Petition for Declaratory Judgment Against Defendant the City of Bridgeton, state to the Court as follows:

14.     Relators restate and incorporate herein by reference Paragraphs 1 through 12 of Count I as if set forth herein in full.

15.     The Bridgeton Code of Ordinances fails to provide any procedure to appeal the denial of a business license and hotel endorsement.

16.     Pursuant to the Bridgeton Code of Ordinances, Relators are in compliance and are entitled to issuance of a business license and hotel endorsement for the 2018 business year.

WHEREFORE, Relators pray this Court enter judgment reversing the decision of Defendant's clerk and/or city officials, finding that Relators are entitled to issuance of a business license and hotel endorsement, and directing  Carol A. Stahlhut, City Clerk, to issue said license and endorsement, and order Defendant to pay Relators' costs and court and attorney's fees, plus such further relief as this Court deems just and proper.

Electronically Filed - St Louis County - April 25, 2018 - 04:49 PM

## COUNT III

COME NOW Relators, and, in the alternative, for Count III of their Petition for Declaratory Judgment Against Defendant the City of Bridgeton, state to the Court as follows:

17.     Relators restate and incorporate herein by reference Paragraphs 1 through 15 of Counts I and II as if set forth herein in full.

18.     The Bridgeton Code of Ordinances fails to provide any procedure to appeal the denial of a business license and hotel endorsement.

19.     Relators are without an adequate remedy at law.

20.     Pursuant to the Bridgeton Code of Ordinances, Relators are in compliance and are entitled to issuance of a business license and hotel endorsement for the 2018 business year.

21.     Based upon Defendant's denial as contained in Exhibit 1, there exists a legitimate judicable controversy.

WHEREFORE, Relators pray this Court enter judgment issue a declaratory judgment declaring that Relators are entitled to issuance of a business license and hotel endorsement, and order Defendant to pay Relators' costs and court and attorney's fees, plus such further relief as this Court deems just and proper.


STATE OF MISSOURI          )
                           )  SS.
COUNTY OF SAINT LOUIS      )

COMES NOW affiant, Bhupendra Bhakta, and being first duly sworn upon his oath, deposes and states that the facts contained in the foregoing are true and correct according to his best personal knowledge, information, and belief.


_____
BHUPENDRA BHAKTA

4

Electronically Filed - St Louis County - April 25, 2018 - 04:49 PM

Subscribed and sworn to before me this 24th day of April , 2018.

Notary Public

My Commission Expires:

DIANE M. GEORGE
Notary Public, Notary Seal
State of Missouri
St. Louis County
Commission # 13886138
My Commission Expires 10-22-2021

W. LAIRD HETLAGE, #37098
lhetlage@ghc-law.com
120 South Central Avenue, Suite 650
Clayton, Missouri 63105-1705
(314) 863-5444
(314) 863-7720 Facsimile
*Attorney for Relators*

5

Electronically Filed - St Louis County - April 25, 2018 - 04:49 PM

12355 Natural Bridge Road, Bridgeton, MO 63044-2020

# City of Bridgeton



Phone 314.739.7500
Fax 314.739.5402
bridgetonmo.com

**Terry W. Briggs,** Mayor

March 21, 2018

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Mr. Bob Bhakta
3655 Pennridge
Bridgeton, Missouri 63044

      Re:    Capitol Inn - 3655 Pennridge Drive, Bridgeton, MO

Dear Mr. Bhakta:

According to Chapter 610 of the Bridgeton Code of Ordinances, no person may operate a lodging establishment unless that person possesses a valid lodging establishment license and a valid lodging establishment license endorsement. Lodging establishment licenses are issued by the City for one (1) calendar year and are effective from January 1 through December 31.

In response to your application for renewal of the lodging establishment license and lodging establishment license endorsement for the Capitol Inn, the City inspected the Capitol Inn on November 28, 2017. During this inspection, several violations of the Bridgeton Code of Ordinances were discovered and brought to your attention ("November 28, 2017 Code Violations").

On December 21, 2017, City representatives met with your attorney, Michael Clithero, regarding the condition of the Capitol Inn and the violations of Chapter 610 of the Bridgeton Code. The City performed a re-inspection of the Capitol Inn on December 29, 2017 and at that time, very few of the November 28, 2017 Code Violations were corrected and new Code violations were discovered during the re-inspection ("December 29, 2017 Code Violations") and brought to your attention. The City again re-inspected the Capitol Inn on January 26, 2018 and at that time, some of the November 28, 2017 Code Violations and the December 29, 2017 Code Violations had been corrected. A list of currently outstanding November 28, 2017 Code Violations and the December 29, 2017 Code Violations is attached hereto as Exhibit A.

The Capitol Inn is also in violation of the following Sections of the Bridgeton Code of Ordinances: (1) Sections 610.130(I)(4)(which states that "except for extended stay lodging establishments which are properly zoned as extended stay lodging establishments under Chapter 410, lodging establishments are prohibited from renting any guest rooms to semi-permanent guests"); and (2) Section 610.130(M) (which prohibits any registrant or guest of a lodging establishment to use, provide or knowingly allow the use of portable electrical or open-flame cooking devices).



SLC-8503246-4

Electronically Filed - St Louis County - April 25, 2018 - 04:49 PM

In addition, the Capitol Inn is in violation of Section 610.130(N) of the Bridgeton Code of Ordinances which states that "all rooms arranged, designed, used or intended to be used to provide living and sleeping for guests in lodging establishments must be maintained to standards set forth in Chapter 510, Existing Residential Structures Code, of the City of Bridgeton Municipal Code. Individual rooms may be out of order for repair and/or remodeling purposes for no more than ninety (90) days within any twelve (12) month period, provided there is a valid building permit issued in conjunction with such repairs and/or remodel." As of the date of the last inspection (January 26, 2018), there were approximately 54 rooms out of service and no building permit has been issued for any of these rooms.

Further, on June 28, 2017, the City inspected the Capitol Inn with representatives of the St. Louis County Health Department due to a complaint the St. Louis County Health Department received regarding a roach infestation in Room 420. At the time of the inspection, live and dead roaches were found in Room 420 along with live bed bugs. Due to the presence of bed bugs, the adjacent rooms were checked, including Room 419. When Room 419 was inspected, black mold, open electric wires, and holes in the ceiling and walls were discovered. On March 12, 2018, Room 419 was re-inspected. Room 419 was still out of service and no building permit had been issued. Further, no work had been started and Room 419 was in the same condition as of June 28, 2017. This is a violation of Section 610.130(N) of the Bridgeton Code of Ordinances (discussed above) and Section 610.130(I)(3) (which states "Lodging establishments shall be kept in a clean and sanitary condition, in good repair, and shall be maintained and operated with strict regard to health and safety of the guest.").

As a result of the above-described deficiencies and violations, the City did not renew the lodging establishment license for the Capitol Inn. Therefore, as of January 1, 2018, you have been operating without a lodging establishment license and lodging establishment license endorsement in violation of Section 610.130 of the Bridgeton Code of Ordinances.

Although the City is not required to provide you with any further period to come into compliance with the City's Code, you are hereby notified that the City will allow you thirty (30) days from the date of this letter to either: (1) bring the property into compliance with the City's Code of Ordinances, apply for a new lodging establishment license and fulfill the City's requirements for issuance of such a license; or (2) cease operating the Capitol Inn.

If you fail to either take the steps necessary to obtain a new lodging establishment license or cease operating within such thirty (30) day period, the City reserves the right to pursue its available remedies under the Bridgeton Code, including but not limited to closure of the Capitol Inn and pursuit of applicable fines.

Please contact me immediately to let me know how you intend to proceed.

Sincerely,

Carole A. Stahlhut,
City Clerk

SLC-8503246-4

Electronically Filed - St. Louis County - April 25, 2018 - 04:49 PM

## EXHIBIT A

### List of the November 28, 2017 Code Violations and the December 29, 2017 Code Violations

- All loose, missing, smashed, dented and or damaged gutters and downspouts throughout the complex need to be replaced.  All need to match in color.

- Repair all leaks in gutters thru-out the complex.  Also, repair all water damage caused by the leaks.

- Repair/Install room numbers on the doors where missing, loose, and or broken throughout.

- Repair wood privacy fencing throughout where needed.  Repairs made to fence need to be done correctly.

- Remove all debris in and around all fencing and around dumpsters. This needs to be maintained on a daily basis.

- Repair/Replace all PTAC grills on the exterior where missing, broken, loose, and or installed incorrectly.

- Remove loose paint and rust on all the guardrails, handrails, steps and support beams throughout the complex where needed then prime and paint.

- Repair stucco siding throughout the complex where damaged, seal and paint repairs.

- Repair the columns throughout the complex where damaged, seal and paint repairs.

- Seal cracks, grooves, and expansion joints in the concrete walkways throughout the complex where needed.

- Repair/Replace the broken, loose and or missing parking curbs throughout.

- Remove the stains on the stucco siding and paint if needed throughout the complex.

- Repair/Replace missing, loose, and or broken light fixtures outside the rooms throughout the complex.

- Repair the pot holes and seal the cracks in the asphalt parking lots where needed throughout the complex.

Electronically Filed - St Louis County - April 25, 2018 - 04:49 PM

| Room #215 | Capitol Inn                 Comments |
|---|---|
| Flooring | Repair broken tiles in bathroom |
| Walls | Repair trim/baseboards coming off walls.  Install baseboards correctly |
| GFCI Outlet | Not tripping when tested |
|  |  |
| Room #211 |  |
| Entry Door/Hardware | Repair hardware |
| Ceilings | Repair bath ceiling |
| Sink/Top | Repair front of vanity |
|  |  |

SLC-8503246-4

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri



BHUPENDRA BHAKTA_____
Plaintiff

vs.

 CITY OF BRIDGETON_____
Defendant

APRIL 25, 2018_____
Date

18SL-CC01759_____
Case Number

DIV36_____
Division

<div style="border:1px solid;">
FILED
4-25-2018
JOAN M. GILMER
CIRCUIT CLERK
ST. LOUIS COUNTY
</div>

# CASE ASSIGNMENT MEMO

__X___    **ASSIGNMENT TO ASSOCIATE CIRCUIT JUDGE**
Pursuant to Local Rule 6.1, case  _X_ assigned  __ reassigned to Division  for hearing and determination on the record under practices and procedures applicable before Circuit Judges; record to be made by electronic recording device.

_____    **POST CONVICTION RELIEF MOTION**
Pursuant to Local Rule 67.7, case __ assigned  __ reassigned to Division  for hearing and determination.

_____    **ASSIGNMENT TO CIRCUIT JUDGE**
Case __ assigned  __ reassigned to Division  for hearing and determination.

_____    **CASE SET FOR HEARING**
Case set for hearing on , 201, at  A.M./P.M.

**SO ORDERED**

CCCDT235-WA   04/14

**18SL-CC01759**

Electronically Filed - St Louis County - May 03, 2018 - 10:56 AM

## IN THE CIRCUIT COURT OF THE COUNTY OF SAINT LOUIS
## STATE OF MISSOURI

State ex rel. BHUPENDRA BHAKTA              )
a/k/a BOB BHAKTA,  ALKA BHAKTA,  )
                                                          )
and                                                       )
                                                          )
BALAJI HOSPITALITY LLC,                        )
                                                          )
    Relators,                               )
                                                          )    **Cause No. _____**
v.                                                         )
                                                          )    **Division No. _____**
CITY OF BRIDGETON,                              )
CAROL A. STAHLHUT, CITY CLERK  )
                                                          )
Serve at:                                                )
12355 Natural Bridge Road                      )
Bridgeton, Missouri 63044-2020               )
                                                          )
    Defendant.                             )

## MEMORANDUM IN SUPPORT OF RELATOR'S PETITION FOR MANDAMUS

       This matter comes before the Court upon Relator's Petition for Mandamus.  Relators have operated a hotel in the City for Bridgeton for several years.  Despite applying for a license to operate and hotel endorsement, the City of Bridgeton has refused to issue a license to operate and hotel endorsement.  Relators are not in material violation of the Bridgeton Ordinances.

       Relators own and operate The Capital Inn located at 3655 Pennridge Drive, located in Bridgeton, Missouri.  They have operated the hotel for several years, and have always obtained a permit, until this year.  The City of Bridgeton is a charter city.  Relators applied to Defendant for a business license and license endorsement pursuant to Section 610.130 of the Bridgeton Code of Ordinances.  On or about March 21, 2018, Defendant, by and through Carol A. Stahlhut, City

Electronically Filed - St Louis County - May 03, 2018 - 10:56 AM

Clerk, denied Relators' application for a license and hotel endorsement.  A copy of the notice of denial is attached to the Petition and marked Exhibit 1 and incorporated herein by reference.

Relators are in compliance with the requirements of Section 610.130 of the Bridgeton Code of Ordinances.  Relators have paid all taxes due to Defendant, have no extended stay lodgers, and are not aware of any, and prohibit portable or open flame cooking devices.

Code violations for minor repairs to the facility which do not affect customer safety are not a basis to deny a license under section 610.130 Bridgeton Code.  This section does not talk about nor cross reference other sections of the Bridgeton maintenance code.  It merely states that the facility must be kept in a clean and sanitary condition, in good repair, and maintained and operated with strict regard to health and safety of its guests.  The hotel complies with these requirements.  The code violations of which the notice letter complains are minor, and do not affect customers health and safety, and have been remedied.  Any violations that do exist are not material, and certainly do not justify the denial of a license.

Section 610.130(n) of the Bridgeton Code of Ordinances applies only to "Guest Rooms." Guest rooms are defined under the Section 610.130(h) as "any room or unit in a lodging establishment where sleeping accommodations are regularly furnished to the public." Vacant rooms which are not regularly furnished to the public under the definition are therefore not subject to the provisions of Section 610.130(n).  Admittedly, there are a number of rooms in the hotel that are not operational, which need furniture and other repairs before they can be opened to the public.  However, these rooms are not being offered, nor "regularly furnished to the public."

Subsection N, entitled "Maintenance of Guest Rooms", provides, "All rooms arranged, designed, used, or intended to be used to provide living and sleeping for guests in lodging

Electronically Filed - St Louis County - May 03, 2018 - 10:56 AM

establishments must be maintained to standards set forth in Chapter 510, Existing Residential Structures Code, of the City of Bridgeton Municipal Code, except that individual rooms may be out of order for repair and/or remodeling purposes for no more than ninety (90) days within any 12 month period, provided there is a valid building permit issued in conjunction with such repairs and/or remodel."  In this case, the rooms of which the City is complaining are not currently arranged, designed, used or intended to be used by the public.

To the extent the City interprets the ordinance to apply in this circumstance the provision violates Realtors right to substantive due process in violation of the Fourth and fourteenth Amendments of the United States Constitution.  The Ordinance is not narrowly tailored to accomplish any legitimate purpose of the legislation.  If rooms are not being offered to the public and are not furnished for that purpose, what governmental interest is served in requiring innkeepers to furnish such rooms.

The Bridgeton Code provides no due process or right to appeal the decision of the City to deny a hotel license and endorsement.  The denial of a license without any right to appeal is unconstitutional and a denial of due process in violation of the fourth and fourteenth amendments of the United States Constitution and Art. 1, section 10  of the Missouri Constitution.  Relators have a right to have their application for a license impartially heard, and not denied based upon the political whims of the City of Bridgeton.  The decision to deny Relator's application was arbitrary and capricious.  Interestingly, the Missouri Statute, which Chapter 610 of the Bridgeton Code tracks, provides for a right to a hearing and a right to appeal the decision of the hearing officer to the Circuit Court.  The Bridgeton Code omits this provision from its ordinance.  Any denial of Relator's right to a license when they are in compliance with the statute would constitute a taking without due process of law.

Electronically Filed - St Louis County - May 03, 2018 - 10:56 AM

Unless this Court issues a Preliminary Order of Mandamus Relators will be irreparably injured, as they will have to shut down, and will not be able to reopen and may face foreclosure. Employees of the City of Bridgeton have issued a citation for operating without a license.

As a result, Relators are entitled to issuance of a license to do business and a hotel endorsement from Defendant.  The denial of the license and hotel endorsement by Defendant was contrary to law, and was arbitrary and capricious. Relators pray this Court enter a Preliminary Order in Mandamus and Judgment of Mandamus ordering the City of Bridgeton to issue a License and Hotel endorsement to Relators, order Carol A. Stahlhut, City Clerk, to issue said license and endorsement, plus such further relief as this Court deems just and proper.

**Gillespie, Hetlage & Coughlin LLC**

W. LAIRD HETLAGE, #37098
lhetlage@ghc-law.com
120 South Central Avenue, Suite 650
Clayton, Missouri 63105-1705
(314) 863-5444
(314) 863-7720 Facsimile
*Attorney for Relators*

4

**18SL-CC01759**

Electronically Filed - St Louis County - May 03, 2018 - 10:56 AM

## IN THE CIRCUIT COURT OF THE COUNTY OF SAINT LOUIS
## STATE OF MISSOURI

State ex rel. BHUPENDRA BHAKTA           )
a/k/a BOB BHAKTA,  ALKA BHAKTA,          )
                                         )
and                                      )
                                         )
BALAJI HOSPITALITY LLC,                  )
                                         )
      Relators,                        )
                                         )          Cause No. _____
    v.                               )
                                         )          Division No. _____
CITY OF BRIDGETON,                       )
CAROL A. STAHLHUT, CITY CLERK            )
                                         )
Serve at:                                )
12355 Natural Bridge Road                )
Bridgeton, Missouri 63044-2020           )
                                         )
      Defendant.                       )

### PRELIMINARY ORDER IN MANDAMUS

The State of Missouri to Respondent the City of Bridgeton

      You are hereby directed to file your pleading to the Petition in Mandamus on or before the __ day of _____, 2018 and to serve a copy of your pleading upon  W. Laird Hetlage, attorney for Relator, whose mailing address is 120 S. Central, Suite 650, Clayton, Mo 63105.  If you fail to do so , judgment by default will be taken against you for the relief demanded in the Petition.


_____
Judge


Dated:_____

Electronically Filed - St Louis County - May 25, 2018 - 04:26 PM

**IN THE CIRCUIT COURT OF THE COUNTY OF SAINT LOUIS
STATE OF MISSOURI**

| | |
|---|---|
| State ex rel. BHUPENDRA BHAKTA       ) | |
| a/k/a BOB BHAKTA,  ALKA BHAKTA, ) | |
|                         ) | |
| and                   ) | |
|                         ) | |
| BALAJI HOSPITALITY LLC,      ) | |
|                         ) | |
|      Relators,            ) | |
|                         ) | **Cause No. 18SL-CC01759** |
| v.                     ) | |
|                         ) | **Division No. 36** |
| CITY OF BRIDGETON,         ) | |
| CAROL A. STAHLHUT, CITY CLERK, ) | |
|                         ) | |
|      Defendant.        ) | |

## NOTICE OF HEARING

PLEASE TAKE NOTE that Plaintiff's Petition for Preliminary Order and Mandamus shall be heard  in Division 36 of the St. Louis County Circuit Court on June 5, 2018 at 9:30 a.m or as soon thereafter as same may be heard.

**GILLESPIE, HETLAGE & COUGHLIN LLC**

W. LAIRD HETLAGE, #37098
lhetlage@ghc-law.com
120 South Central Avenue, Suite 650
Clayton, Missouri 63105-1705
(314) 863-5444
(314) 863-7720 Facsimile
*Attorney for Relators*

Electronically Filed - St Louis County - May 25, 2018 - 04:26 PM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served via electronic mail to the party listed below and further certifies that he signed an original of this pleading and that an original of this pleading shall be maintained for a period not less than the maximum allowable time to complete the appellate process.

David A. Linenbroker
Husch Blackwell LLP
720 Olive Street, Suite 2400
St. Louis, Missouri 63101
david.linenbroker@huschblackwell.com
*Attorney for Defendant*

Electronically Filed - St Louis County - May 29, 2018 - 02:07 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| State ex rel. BHUPENDRA BHAKTA a/k/a | ) | |
| BOB BHAKTA, ALKA BHAKTA | ) | |
| | ) | Cause No. 18SL-CC01759 |
| and | ) | |
| | ) | Division 36 |
| BALAJI HOSPITALITY LLC | ) | |
| | ) | |
| Relators, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF BRIDGETON, MISSOURI | ) | |
| Carol A. Stahlhut, City Clerk | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY OF APPEARANCE**

COME NOW Michael, J. Tolles of Husch Blackwell LLP and enters his appearance as counsel of record on behalf of Defendant City of Bridgeton, Missouri.

Respectfully submitted,

HUSCH BLACKWELL LLP

By:    /s/ Michael J. Tolles
       Michael J. Tolles, #61606
       190 Carondelet Plaza, Suite 600
       St. Louis, Missouri 63105
       (314) 480-1500 Office
       (314) 480-1505 Facsimile
       mike.tolles@huschblackwell.com

*Attorneys for Defendant City of*
*Bridgeton, Missouri*

Electronically Filed - St Louis County - May 29, 2018 - 02:07 PM

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing was filed electronically with the Clerk of Court and will be served by operation of the Court's electronic filing system, this 29th day of May, 2018 to:

W. Laird Hetlage
120 South Central Avenue
Suite 650
Clayton, Missouri

*Counsel for Relators*

/s/ Michael J. Tolles

Electronically Filed - St Louis County - May 29, 2018 - 02:13 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | |
|---|---|
| State ex rel. BHUPENDRA BHAKTA a/k/a ) | |
| BOB BHAKTA, ALKA BHAKTA ) | |
| ) | Cause No. 18SL-CC01759 |
| and ) | |
| ) | Division 36 |
| BALAJI HOSPITALITY LLC ) | |
| ) | |
| Relators, ) | |
| ) | |
| vs. ) | |
| ) | |
| CITY OF BRIDGETON, MISSOURI ) | |
| Carol A. Stahlhut, City Clerk ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION FOR CHANGE OF JUDGE

Defendant City of Bridgeton, Missouri, by and through its undersigned attorneys, hereby respectfully submits its written request for a change of judge pursuant to Rule 51.05 of the Missouri Rules of Civil Procedure.  The undersigned states that the filing of this request for change of judge is filed within 60 days of service of process of the underlying action (and also within 60 days of the filing of this action) and is therefore timely under Missouri Rule of Civil Procedure 51.05(b).

Respectfully submitted,

HUSCH BLACKWELL LLP

By:   /s/ Michael J. Tolles
Michael J. Tolles, #61606
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
(314) 480-1500 Office
(314) 480-1505 Facsimile
mike.tolles@huschblackwell.com

*Attorneys for Defendant City of*
*Bridgeton, Missouri*

Electronically Filed - St Louis County - May 29, 2018 - 02:13 PM

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing was filed electronically with the Clerk of Court and will be served by operation of the Court's electronic filing system, this 29th day of May, 2018 to:

W. Laird Hetlage
120 South Central Avenue
Suite 650
Clayton, Missouri

*Counsel for Relators*

/s/ Michael J. Tolles
_____

SLC-8651221-1

Electronically Filed - St Louis County - May 29, 2018 - 02:13 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| State ex rel. BHUPENDRA BHAKTA a/k/a | ) | |
| BOB BHAKTA, ALKA BHAKTA | ) | |
| | ) | Cause No. 18SL-CC01759 |
| and | ) | |
| | ) | Division 36 |
| BALAJI HOSPITALITY LLC | ) | |
| | ) | |
| Relators, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF BRIDGETON, MISSOURI | ) | |
| Carol A. Stahlhut, City Clerk | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR CHANGE OF JUDGE**

Defendant City of Bridgeton, Missouri, by and through its undersigned attorneys, hereby respectfully submits its written request for a change of judge pursuant to Rule 51.05 of the Missouri Rules of Civil Procedure.  The undersigned states that the filing of this request for change of judge is filed within 60 days of service of process of the underlying action (and also within 60 days of the filing of this action) and is therefore timely under Missouri Rule of Civil Procedure 51.05(b).

Respectfully submitted,

HUSCH BLACKWELL LLP

**SO ORDERED:**

_____
Judge          Division 36
May 31, 2018

By:   /s/ Michael J. Tolles
Michael J. Tolles, #61606
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
(314) 480-1500 Office
(314) 480-1505 Facsimile
mike.tolles@huschblackwell.com

*Attorneys for Defendant City of*
*Bridgeton, Missouri*

SLC-8651221-1

Electronically Filed - St Louis County - May 29, 2018 - 02:13 PM

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing was filed electronically with the Clerk of Court and will be served by operation of the Court's electronic filing system, this 29th day of May, 2018 to:

W. Laird Hetlage
120 South Central Avenue
Suite 650
Clayton, Missouri

*Counsel for Relators*

/s/ Michael J. Tolles

2

SLC-8651221-1

Electronically Filed - St Louis County - July 30, 2018 - 10:32 AM

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS**
**TWENTY-FIRST JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| State ex rel. BHUPENDRA BHAKTA | ) | |
| a/k/a BOB BHAKTA, ALKA BHAKTA, | ) | |
| | ) | |
| and | ) | Cause No. 18SL-CC01759 |
| | ) | |
| BALAJI HOSPITALITY, LLC | ) | Division No. |
| | ) | |
| Relators, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF BRIDGETON, | ) | |
| CAROL A. STAHLHUT, CITY CLERK | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTER-CLAIM**

Defendant City of Bridgeton, Missouri, ("Bridgeton")[1] by and through its undersigned

counsel, and for its Answer and Affirmative Defenses to Relators Bhupendra Bhakta a/k/a Bob

Bhakta, Alka Bhakta, and Balaji Hospitality ("Relators") Petition for Mandamus ("Petition"),

states as follows:

**ANSWER**

**COUNT I**

1.      Bridgeton is without information sufficient to form a belief as to the allegations

set forth in Paragraph 1 and accordingly denies same.

2.      Bridgeton is without information sufficient to form a belief as to the allegations

set forth in Paragraph 2 and accordingly denies same.

---

[1] Relators have listed the City of Bridgeton, Missouri as the named Defendant in this matter and appear to have
listed City Clerk Carol A. Stahlhut, City Clerk, in her official capacity only.  To the extent any of Plaintiff's
allegations or claims are deemed to apply to Ms. Stahlhut, Ms. Shahlhut incorporates and adopts each of every the
responses and defensed pleaded by the City of Bridgeton, Missouri in this Answer and Affirmative Defenses as if
fully set forth herein.

Electronically Filed - St Louis County - July 30, 2018 - 10:32 AM

3.      Bridgeton admits it is a Charter City located in St. Louis County, Missouri.

4.      Bridgeton is without information sufficient to form a belief as to the allegations set forth in Paragraph 4 and accordingly denies same.

5.      Bridgeton admits that Relators submitted an application for a business license and license endorsement.  Bridgeton states the remainder of Paragraph 5 calls for a legal conclusion and as such no further response is required.  To the extent the Court deems a further response required, Bridgeton denies the remaining allegations in Paragraph 5.

6.      Bridgeton states that the document attached as Exhibit 1 to Relator's Petition purports to be a letter from the City of Bridgeton dated March 21, 2018 to Relator Bob Bhakta, the terms of which speak for themselves and as such no further response is required.  To the extent the Court deems a further response required, Bridgeton denies the remaining allegations in Paragraph 6.

7.      Bridgeton denies the allegations in Paragraph 7 of the Petition.

8.      Bridgeton denies the allegations in Paragraph 8 of the Petition.

9.      Bridgeton denies the allegations in Paragraph 9 of the Petition.

10.     Bridgeton denies the allegations in Paragraph 10 of the Petition.

11.     Bridgeton states the allegations in Paragraph 11 call for a legal conclusion and as such no further response is required.  To the extent the Court deems a further response required, Bridgeton denies the remaining allegations in Paragraph 11.

12.     Bridgeton denies the allegations in Paragraph 12 of the Petition.

13.     Bridgeton denies the allegations in Paragraph 13 of the Petition.

Bridgeton denies that Relators are entitled to any relief whatsoever, including the relief sought in the WHEREFORE paragraph in Count I of Relators' Petition.

Electronically Filed - St Louis County - July 30, 2018 - 10:32 AM

## COUNT II

14.     Bridgeton incorporates by reference its responses to Paragraphs 1 through 13 of this Answer as though fully set forth herein.

15.     Bridgeton states the allegations in Paragraph 15 call for a legal conclusion and as such no further response is required.  To the extent the Court deems a further response required, Bridgeton denies the remaining allegations in Paragraph 15.

16.     Bridgeton denies the allegations in Paragraph 16 of the Petition.

Bridgeton denies that Relators are entitled to any relief whatsoever, including the relief sought in the WHEREFORE paragraph in Count II of Relators' Petition.

## COUNT III

17.     Bridgeton incorporates by reference its responses to Paragraphs 1 through 16 of this Answer as though fully set forth herein.

18.     Bridgeton states the allegations in Paragraph 18 call for a legal conclusion and as such no further response is required.  To the extent the Court deems a further response required, Bridgeton denies the remaining allegations in Paragraph 18.

19.     Bridgeton denies the allegations in Paragraph 19 of the Petition.

20.     Bridgeton denies the allegations in Paragraph 20 of the Petition.

21.     Bridgeton denies the allegations in Paragraph 21 of the Petition.

Bridgeton denies that Relators are entitled to any relief whatsoever, including the relief sought in the WHEREFORE paragraph in Count III of Relators' Petition.

WHEREFORE, having fully answered each and every allegation contained in Plaintiff's Petition, Defendant City of Bridgeton, Missouri prays for an order of the Court dismissing all

Electronically Filed - St Louis County - July 30, 2018 - 10:32 AM

claims against them with costs expended herein taxed to Relators and awarding such other and further relief as the Court deems necessary and just under the circumstances.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense:**  For further answer, and as an affirmative defense to the allegations in Relators' Petition, Bridgeton states that Relators' Petition fails to state a claim against Bridgeton upon which relief can be granted.  As more fully set forth below, Relators' property fails to comply with the most basic and minimal health and safety standards.  Relators' property is in violation of numerous Bridgeton ordinances, as well as basic minimal sanitary requirements.

**Second Affirmative Defense:**  For further answer, and as an affirmative defense, Bridgeton states that Relators' contain no specific factual allegations that plausibly give rise to a claim for relief, only conclusory allegations.  Among other pleading defects, Relators have failed to plead or otherwise identify facts supporting their allegations that the subject property is "in compliance" with required health and safety requirements, a bare minimum requirement, and have thereby failed to adequately state a claim for relief. *See Howard v. Youngman*, 81 S.W.3d 101, 119 (Mo. Ct. App. 2002) ("Facts must be alleged to support each essential element of the cause to be pleaded…we do not accept a pleader's conclusions.").

**Third Affirmative Defense:**  For further answer, and as an affirmative defense, Bridgeton states that Relators' claims for equitable relief fail because they have not suffered any irreparable harm.

**Fourth Affirmative Defense:**  For further answer, and as an affirmative defense to Relators' Petition, Bridgeton states Relators' claims are barred, in whole or in part, because Relators have failed to take reasonable efforts to mitigate any alleged harm, if any.  Relators, as

Electronically Filed - St Louis County - July 30, 2018 - 10:32 AM

the owners of the Property, have at all times had the ability to abate the unsatisfactory and deleterious health and safety conditions at the Property, but have not done so.  Accordingly, Relators' own conduct and/or inaction is responsible for any alleged harm.  Furthermore, Relators' failure to mitigate the conditions under Relators' ownership and control amount to a failure to mitigate any alleged harm and therefore Relators' request for relief is without merit.

**Fifth Affirmative Defense:**  For further answer, and as an affirmative defense, Bridgeton states that Relators' claims is barred, in whole or in part, by the doctrines of waiver, estoppel, and/or acquiescence.  The claims in Relators' Petition have been waived or are estopped due to Relators' failure to comply with mandatory procedures for obtaining a valid license and endorsement.

**Sixth Affirmative Defense:**  For further answer, and as an affirmative defense, Bridgeton states that Relators' claims are barred pursuant to the doctrine of unclean hands, including but not limited to Relators' failure to remedy unsatisfactory health and safety conditions at the subject property.

**Seventh Affirmative Defense:**  For further answer, and as an affirmative defense, Bridgeton states that any actions or inactions alleged in Relator's Petition were taken with legitimate justification and/or were otherwise privileged and consistent with Bridgeton's duty to protect the health, safety and welfare of Bridgeton residents and visitors.

**Eighth Affirmative Defense:**  For further answer, and as an affirmative defense, Defendants state that Plaintiff's claim is barred because Plaintiff has not suffered any injury as a result of any action or inaction of Bridgeton or that can be proximately traced to any action or inaction by Bridgeton.

Electronically Filed - St Louis County - July 30, 2018 - 10:32 AM

**Ninth Affirmative Defense:**  For further answer, and as an affirmative defense, Bridgeton states that Relators are not entitled to an award of attorneys' fees and/or costs as there is neither a statutory basis in support of Relators claim for attorneys' fees nor other supportable basis for their claim, such as a contract, and which is necessary for an award of attorneys' fees. *Tupper v. City of St. Louis*, 468 S.W.3d 360, 374 (Mo. banc 2015).  Accordingly, Bridgeton seeks to strike all references to attorneys' fees.

## RESERVATION OF RIGHTS

Bridgeton has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter.  Bridgeton reserves the right to amend or seek to amend their answer and/or affirmative defenses.

## COUNTERCLAIM

Defendant/Counterclaimant City of Bridgeton, Missouri, by and through its undersigned counsel, submits the following Counterclaims for Injunctive and Declaratory Relief against Relators/Counter-Defendants Bhupendra Bhakta a/k/a Bob Bhakta, Alka Bhakta, and Balaji Hospitality ("Relators"):

### Parties, Jurisdiction and Venue

1.      Bridgeton is a constitutional charter city located in St. Louis County, state of Missouri.

2.      Relators are upon information and belief the owners and operators of the Capitol Inn Hotel (the "Subject Property") located in Bridgeton, Missouri.

Electronically Filed - St Louis County - July 30, 2018 - 10:32 AM

3.      This Court has jurisdiction over the subject matter of this action because Relators transact business in Missouri and are upon information and belief the owners of the Subject Property.

4.      Venue is proper pursuant to Mo. Rev. Stat. § 508.010 because Relators transact business in St. Louis County, Missouri and the facts giving rise to this action occurred in St. Louis County, Missouri.

## Allegations Common to All Counts

5.      Per Chapter 610 of the Bridgeton Code of Ordinances, no person may operate a lodging establishment unless that person possesses a valid lodging establishment license and a valid lodging establishment.

6.      On or about June 28, 2017 a Bridgeton representative visited the Subject Property in response to a complaint from the St. Louis County Health Department regarding a roach infestation in one of the rooms.  Upon inspecting the Subject Property, the Bridgeton representative noted live and dead roaches in the room, as well as live bed bugs.  The Bridgeton representative then inspected four or five adjacent rooms and noted the presence of black mold, open electric wires and holes in the ceiling of one of the rooms.

7.      On or about November 28, 2017 Bridgeton conducted an inspection of the Subject Property.  Pursuant to the inspection, Bridgeton noted several violations of the Bridgeton Code of Ordinances throughout the Subject Property, including the presence of black mold, loose and missing gutters and downspouts throughout the building, debris in and around all fencing and dumpsters, and various other code violations.

Electronically Filed - St Louis County - July 30, 2018 - 10:32 AM

8.      On or about December 29, 2017, Bridgeton conducted an additional inspection of the Subject Property, where numerous property conditions were identified as violations of the Bridgeton Code of Ordinances.

9.      On or about March 12, 2018 a representative of Bridgeton again visited the Subject Property and inspected the rooms where roaches and bed bugs and black mold, open electric wires, and holes in the ceiling had been identified.  At this time, these rooms were out-of-service and in the same or similar condition as to that observed in June, 2017.

10.     As of January, 2018, several dozen rooms remained out-of-service at the Subject Property, in violation of Bridgeton ordinances which state that hotel rooms may be out of service for no more than 90 days, subject to obtaining a valid building permit for repair and/or remodeling.

11.     Relators have been notified of the violations present at the Subject Property. Photographs depicting a sampling of the violations identified at the Subject Property are attached hereto as Exhibits A and B.

12.     On January 1, 2018, due to the multiple violations present at the Subject Property, its lodging establishment license was not renewed.

13.     The Subject Property continued to operate without a valid lodging establishment license and license endorsement for several months in 2018.

14.     The Subject Property is currently closed.

## COUNT I:  INJUNCTION

15.     Bridgeton incorporates by reference, as if fully stated herein, the allegations set forth in paragraphs 1 through 14 of its Counterclaim.

Electronically Filed - St Louis County - July 30, 2018 - 10:32 AM

16.     Bridgeton has a vested interest in making sure the Subject Property complies with minimal health and safety standards.

17.     The primary purpose of an injunction is to preserve the status quo until the final disposition of the case.  *State ex rel. Myers v. City of Carthage*, 951 S.W.2d 347, 350 (Mo. Ct. App. 1997).  An injunction may issue to prevent the doing of any legal wrong whenever, in the opinion of the court, an adequate remedy may not be afforded by an action for damages.  *Home Shopping Club, Inc. v. Roberts Broadcasting Co.*, 989 S.W.2d 174, 180 (Mo. Ct. App. 1998).  When considering a motion for a preliminary injunction, a court should weigh "the movant's probability of success on the merits, the threat of irreparable harm to the movant absent the injunction, the balance between this harm and the injury that the injunction's issuance would inflict on other interested parties, and the public's interest."  *State ex rel. Dir. of Revenue v. Gabbert*, 925 S.W.2d 838, 839 (Mo. banc 1996).

18.     When assessing the movant's probability of success on the merits, the party seeking the entry of a preliminary injunction need only "make some showing of probability of success on the merits before a preliminary injunction will be issued."  *Id*.  (emphasis added). The inquiry should not be rigid, because "[t]he equitable nature of the proceeding mandates that the court's approach be flexible enough to encompass the particular circumstances of each case." *Id*.

19.     Allowing Relators to re-open the Subject Property without satisfying minimal health and safety standards will result in irreparable harm to Bridgeton and its residents and visitors who rely on the enforcement of public health and safety laws.

Electronically Filed - St Louis County - July 30, 2018 - 10:32 AM

20.     The harm that would result in allowing Relators to re-open the Subject Property without satisfying minimal health and safety standards far outweighs any potential harm that injunctive relief in favor of Bridgeton would cause Relators.

21.     A strong likelihood exists that Bridgeton will succeed on the merits of its claims. Given the deplorable state of conditions at the Subject Property, Relators will not be able to establish the Subject Property is in compliance with health, safety and welfare ordinances contained in the Bridgeton Code of Ordinances, nor ordinances specifically pertaining to lodging establishments regarding room availability and conditions.  For this reason, Relators will not be able to establish that they are entitled to a valid license and/or endorsement, absent complying with satisfactory inspection and licensing requirements.

22.     Pursuant to the Court's equitable jurisdiction, Bridgeton is entitled to an injunction prohibiting the Subject Property from re-opening until it is compliance with all Bridgeton ordinances, including but not limited to those basic sanitary, health, and safety conditions.

23.     Injunctive relief would do nothing more than preserve the status quo, as the Subject Property is currently not operating for business.

24.     Injunctive relief is in keeping with public policy in recognizing and enforcing public health and safety conditions, ordinances, and policies designed to protect the public.

WHEREFORE, the City of Bridgeton, Missouri. respectfully requests the Court enter Judgment in its favor and against Relators/Counter-Defendants preliminarily and permanently enjoining and restraining Relators and the Capitol Inn from resuming business operations at the Capitol Inn until such time as the Capitol Inn has had and has passed a satisfactory inspection, has corrected all violations identified to-date at the Capitol Inn, has obtained a valid business

Electronically Filed - St Louis County - July 30, 2018 - 10:32 AM

license and license endorsement, is in compliance with all pertinent requirements of the

Bridgeton Code of Ordinances, and for such other and further relief as the Court deems just and

equitable.

Dated: July 30, 2018

Respectfully Submitted,

HUSCH BLACKWELL LLP

By:   /s/ Michael J. Tolles
      Michael J. Tolles, #61606
      190 Carondelet Plaza, Suite 600
      St. Louis, Missouri 63105
      (314) 480-1500 Office
      (314) 480-1505 Facsimile
      mike.tolles@huschblackwell.com

      *Attorneys for Defendant City of
      Bridgeton, Missouri*

Electronically Filed - St Louis County - July 30, 2018 - 10:32 AM

### CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing was filed electronically with the Clerk of Court and will be served by operation of the Court's electronic filing system, this 30th day of July, 2018 upon the following:

W. Laird Hetlage
120 South Central Avenue
Suite 650
Clayton, Missouri

*Counsel for Relators*

/s/ Michael J. Tolles

Electronically Filed - St Louis County - July 30, 2018 - 10:32 AM

# Exhibit A

Electronically Filed - St Louis County - July 30, 2018 - 10:32 AM



Electronically Filed - St Louis County - July 30, 2018 - 10:32 AM

Case: 4:19-cv-01379   Doc. #: 1-1   Filed: 05/20/19   Page: 44 of 80 PageID #: 49

Case: 4:19-cv-01379 Doc. #: 1-1 Filed: 05/20/19 Page: 46 of 80 PageID #: 51

Case: 4:19-cv-01379   Doc. #: 1-1   Filed: 05/20/19   Page: 47 of 80 PageID #: 52



Electronically Filed - St Louis County - July 30, 2018 - 10:32 AM

# Exhibit B

Electronically Filed - St Louis County - July 30, 2018 - 10:32 AM





Electronically Filed - St Louis County - July 30, 2018 - 10:32 AM



Electronically Filed - St Louis County - July 30, 2018 - 10:32 AM



Case: 4:19-cv-01379   Doc. #:  1-1   Filed: 05/20/19   Page: 54 of 80 PageID #: 59



Case: 4:19-cv-01379   Doc. #:  1-1   Filed: 05/20/19   Page: 55 of 80 PageID #: 60





Case: 4:19-cv-01379   Doc. #:  1-1   Filed: 05/20/19   Page: 57 of 80 PageID #: 62



**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri



FILED
8/1/2018
JOAN M. GILMER
CIRCUIT CLERK
ST. LOUIS COUNTY

BHUPENDRA BHAKTA_____ ____
_____
Plaintiff

vs.

 CITY OF BRIDGETON_____
Defendant

AUGUST 1, 2018_____
Date

18SL-CC01759_____
Case Number

DIV19_____
Division

# CASE ASSIGNMENT MEMO

_____ **ASSIGNMENT TO ASSOCIATE CIRCUIT JUDGE**
Pursuant to Local Rule 6.1, case __ assigned __ reassigned to Division  for
hearing and determination on the record under practices and procedures applicable before
Circuit Judges; record to be made by electronic recording device.

_____ **POST CONVICTION RELIEF MOTION**
Pursuant to Local Rule 67.7, case __ assigned __ reassigned to Division  for
hearing and determination.

__X___ **ASSIGNMENT TO CIRCUIT JUDGE**
Case __ assigned _X_ reassigned to Division  for hearing and determination.

_____ **CASE SET FOR HEARING**
Case set for hearing on , 201, at  A.M./P.M.

SO ORDERED

_____

CCCDT235-WA   04/14

Electronically Filed - St Louis County - August 24, 2018 - 11:02 AM

**IN THE CIRCUIT COURT OF THE COUNTY OF SAINT LOUIS
STATE OF MISSOURI**

| | |
|---|---|
| State ex rel. BHUPENDRA BHAKTA a/k/a BOB BHAKTA, ALKA BHAKTA,    )<br>)<br>)<br>and    )<br>)<br>BALAJI HOSPITALITY LLC,    )<br>)<br>  Relators,    )<br>)<br>v.    )<br>)<br>CITY OF BRIDGETON,    )<br>CAROL A. STAHLHUT, CITY CLERK )<br>)<br>  Defendant.    ) | **Cause No. 18SL-CC01759**<br><br>**Division No. 19** |

**ANSWER TO COUNTERCLAIM**

COME NOW Relators Bhupendra Bhakta, Bob Bhakta, Alka Bhakta, and Balaji Hospitality ("Counter-Defendants"), and for their Answer to the City of Bridgeton's Counterclaim, state to the Court as follows:

1.  Admitted.

2.  Admitted.

3.  Denied.  A counterclaim is not appropriate in an action for mandamus, nor in an action for judicial review of an administrative decision.

4.  Admitted.

5.  Paragraph 5 is a paraphrasing of some subsection of Chapter 610 which is not specifically cited and is not accurately quoted, and therefore Counter-Defendants deny same.

6.  Counter Defendants are without sufficient knowledge or information to admit or deny who may have made a complaint, and therefore deny the same.  This

Electronically Filed - St Louis County - August 24, 2018 - 11:02 AM

paragraph notably fails to identify any specific room numbers, and therefore defendant denies the same.

7.      Counter-Defendants are without sufficient knowledge or information to admit or deny the averments of Paragraph 7, because the paragraph makes no reference to the specific location it refers to.  With respect to the allegation of loose and missing downspouts and gutters, this allegation is denied.  With respect to the allegation that there was debris in and around all fencing and dumpsters, the allegation is denied.  With respect to the allegation of various code violations, Counter-Defendants state that the allegation is too vague and ambiguous to which to respond, but it is typical of the City of Bridgeton's provincial attitude.

8.      The allegations of Paragraph 8 are too vague and ambiguous to which to respond, and therefore Counter-Defendants deny same.

9.      Denied.

10.     Denied.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Admitted.

15.     Paragraph 15 merely incorporates the paragraphs that were previously listed, and therefore Counter-Defendants make no response to same.

16.     Denied.

17.     Paragraph 17 contains citations to various cases which are inapplicable, and therefore Counter-Defendants make no response to same.

Electronically Filed - St Louis County - August 24, 2018 - 11:02 AM

18.     Paragraph 18 contains citations to various cases which are inapplicable, and therefore Counter-Defendants make no response to same.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

## AFFIRMATIVE DEFENSES

For their affirmative defenses, Counter-Defendants state to the Court as follows:

1.     The City of Bridgeton's Counterclaim against Bhupendra Bhakta a/k/a Bob Bhakta, Alka Bhakta, and Balaji Hospitality fails to state a claim upon which relief can be granted.

2.     Counterclaims are inappropriate in an action for judicial review and/or for mandamus.

3.     The City of Bridgeton admits in Paragraph 14 that the property is currently closed and as a result, the City's Counterclaim fails to allege that the City is currently suffering any harm or violation which would warrant an injunction.  Further, the City is unable to allege that there is any threat of immediate irreparable injury to the City or anyone else, in view of the fact that the business is currently not operating due to the wrongful conduct of the City of Bridgeton in denying its business license.

3

Electronically Filed - St Louis County - August 24, 2018 - 11:02 AM

**GILLESPIE, HETLAGE & COUGHLIN LLC**

W. LAIRD HETLAGE, #37098
lhetlage@ghc-law.com
120 South Central Avenue, Suite 650
Clayton, Missouri 63105-1705
(314) 863-5444
(314) 863-7720 Facsimile
*Attorney for Counter-Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served via electronic mail to the party listed below and further certifies that he signed an original of this pleading and that an original of this pleading shall be maintained for a period not less than the maximum allowable time to complete the appellate process.

Michael J. Tolles
Husch Blackwell LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
*Attorney for Defendant*

4

JOAN M. GILMER
CIRCUIT CLERK
ST. LOUIS COUNTY CIRCUIT COURT
105 SOUTH CENTRAL AVENUE
CLAYTON, MISSOURI  63105 -1766

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Circuit Clerk's Office at (314) 615-8029, Fax (314) 615-8739, or TTY (314) 615-4567, at least three business days in advance of the court proceeding.

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

CASE NUMBER: 18SL-CC01759
BHUPENDRA BHAKTA
VS

COURT DATE: FEBRUARY 14, 2019
COURT TIME: 10:00 AM
DIVISION: RM. 389 NORTH, DIV 8

   CITY OF BRIDGETON


THE ABOVE STYLED CASE IS SET FOR A CASE MANAGEMENT CONFERENCE AT THE DATE, TIME AND DIVISION INDICATED ABOVE.  YOU MUST APPEAR AT THE CONFERENCE.  FAILURE TO APPEAR WILL RESULT IN THE COURT'S DESIGNATION OF THE DISCOVERY SCHEDULE AND MAY RESULT IN SANCTIONS OR THE CASE BEING DISMISSED.


   JOAN M. GILMER, CIRCUIT CLERK
   January 16, 2019




18SL-CC01759        RM. 389 NORTH, DIV 8
W LAIRD HETLAGE
SUITE 650 120 SOUTH CENTRAL AVENUE
CLAYTON, MO  63105

JOAN M. GILMER
CIRCUIT CLERK
ST. LOUIS COUNTY CIRCUIT COURT
105 SOUTH CENTRAL AVENUE
CLAYTON, MISSOURI  63105 -1766

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Circuit Clerk's Office at (314) 615-8029, Fax (314) 615-8739, or TTY (314) 615-4567, at least three business days in advance of the court proceeding.

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

CASE NUMBER: 18SL-CC01759                          COURT DATE: FEBRUARY 14, 2019
BHUPENDRA BHAKTA                                    COURT TIME: 10:00 AM
VS                                                  DIVISION: RM. 389 NORTH, DIV 8

  CITY OF BRIDGETON


THE ABOVE STYLED CASE IS SET FOR A CASE MANAGEMENT CONFERENCE AT THE DATE,
TIME AND DIVISION INDICATED ABOVE.  YOU MUST APPEAR AT THE CONFERENCE.
FAILURE TO APPEAR WILL RESULT IN THE COURT'S DESIGNATION OF THE DISCOVERY
SCHEDULE AND MAY RESULT IN SANCTIONS OR THE CASE BEING DISMISSED.




     JOAN M. GILMER, CIRCUIT CLERK
       January 16, 2019




18SL-CC01759        RM. 389 NORTH, DIV 8
MICHAEL JAMES TOLLES
190 CARONDELET PLAZA STE 600
SAINT LOUIS, MO  63105

In the
# CIRCUIT COURT
of St. Louis County, Missouri

| | For File Stamp Only |

Bhupendra Bhakta
Plaintiff(s)

vs.

City of Bridgeton
Defendant(s)

Date 7/14/19

Case Number 18SL-CC01759

Division 8

**FILED**

FEB 1 4 2019

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

Case management conference called.
Motion for Leave to File Amended Petition
granted.

**SO ORDERED**

Judge

ENTERED: 7/14/19
(Date)

CCOPR47-WS  Rev. 02/14

Attorney ___ 37098 Bar No.
863-5444

Address

Phone No. ___ Fax No.

Attorney  Atty For ∆ ___ 61606 Bar No.
Address 190 Carondelet Plaza, Ste 600
(314) 480-1858
Phone No. ___ Fax No.



Electronically Filed - St Louis County - May 09, 2019 - 10:17 AM

**IN THE CIRCUIT COURT OF THE COUNTY OF SAINT LOUIS**
**STATE OF MISSOURI**

| | |
|---|---|
| **BHUPENDRA BHAKTA** )<br>**a/k/a BOB BHAKTA,  ALKA BHAKTA,** )<br> )<br>**and** )<br> )<br>**BALAJI HOSPITALITY LLC,** )<br> )<br> **Plaintiffs,** )<br> )<br>**v.** )<br> )<br>**CITY OF BRIDGETON,** )<br>**CAROL A. STAHLHUT, CITY CLERK** )<br> )<br>**And** )<br> )<br>**BRYAN YOUNG** )<br> )<br> **Defendants** )<br> **Serve at:  Bridgeton City Hall** ) | **Cause No.  18SL-CC01759**<br><br>**Division No. 36** |

<u>**AMENDED PETITION FOR DAMAGES**</u>

**COUNT I**
**42 USC 1983**
**Substantive Due Process**

COME NOW, Bhupendra Bhakta a/k/a Bob Bhakta, Alka Bhakta and Balaji Hospitality LLC (collectively, "Plaintiffs"), and for Count I of their Petition for Damages Against Defendant the City of Bridgeton, state to the Court as follows:

1.      Bhupendra Bhakta a/k/a Bob Bhakta and Alka Bhakta ("Plaintiff Bhakta") are individuals, husband and wife, and residents of the County of St. Louis, State of Missouri and members and employees of Balaji Hospitality, LLC.

Electronically Filed - St Louis County - May 09, 2019 - 10:17 AM

2.      Balaji Hospitality, LLC ("Plaintiff Balaji Hospitality") is a Missouri limited liability company in good standing and formerly doing business in the County of St. Louis, State of Missouri.

3.      Defendant the City of Bridgeton ("Defendant") is a charter city located in the County of St. Louis, State of Missouri.

4.      Balaji Hospitality from 2014 until December, 2018 owned The Capital Inn located at 3655 Pennridge Drive, Bridgeton, Missouri, and operated the same as a hotel, until the City of Bridgeton shut it down.

5.      Plaintiffs applied to Defendant for a business license and license endorsement pursuant to Section 610.130 of the Bridgeton Code of Ordinances, and obtained a license and endorsement in August, 2009, and in each subsequent year thereafter until 2018.

6.      In connection with their application, Plaintiffs paid the City a cash bond of $13,000, which has never been returned despite compliance.

7.      On or about March 21, 2018, Defendant, by and through Carol A. Stahlhut, City Clerk, denied Plaintiffs' application for a license and hotel endorsement without a hearing.

8.      It was the custom and practice of the City to reissue permits upon the submission of the owner / operator's fourth quarter taxes without requiring a new application.

9.      Plaintiffs were in March 2018 in compliance with the requirements of Section 610.130 of the Bridgeton Code of Ordinances.

10.     Plaintiffs have paid all taxes due or attempted to pay all taxes due to Defendant, as of February, 2018.   In January, 2018, Alka Bhakta went to City Hall and tendered the taxes to the City Clerk, and she refused to accept them.   Plaintiffs had no extended stay lodgers, and prohibited portable or open flame cooking devices.

Electronically Filed - St Louis County - May 09, 2019 - 10:17 AM

11.     Code violations for minor repairs to the facility which do not affect customer safety are not a basis to deny a license under section 610.130 Bridgeton Code.

12.     The Capital Inn was kept in a clean and sanitary condition, in good repair, and was maintained and operated with strict regard to health and safety of its guests.

13.     Section 610.130(n) of the Bridgeton Code of Ordinances applies only to "Guest Rooms." Guest rooms are defined under the Section 610.130(h) as "any room or unit in a lodging establishment where sleeping accommodations are regularly furnished to the public." Vacant rooms which are not regularly furnished to the public under the definition are therefore not subject to the provisions of Section 610.130(n).

14.     As a result, Plaintiffs were entitled to issuance of a license to do business and a hotel endorsement from Defendant.

15.     The denial of the license and hotel endorsement by Defendant was contrary to law, and was arbitrary and capricious, without due process, and deprived Plaintiff of substantive rights, privileges and immunities secured by the United States Constitution without any rational basis.

16      The decision of the City to refuse to reissue the permits was without competent and substantial evidence.

17.     City of Bridgeton had a duty to issue a license and permit to Plaintiffs. The City refused to reissue the permit under color of law, purportedly pursuant to the city code, and City policy.

18      The City's conduct violated Plaintiffs constitutional rights to substantive due process pursuant to the 5th and 14th Amendments to the United States Constitution, and Plaintiffs are entitled to relief pursuant to 42 USC Section 1983.

3

Electronically Filed - St Louis County - May 09, 2019 - 10:17 AM

19.     As a direct and proximate result of the City's refusal to issue a license and permit, Plaintiffs were thereby damaged, because Plaintiffs were forced to shut down the Capitol Inn, and therefore suffered lost income and profits and ultimately the loss of the property.

20.     The City of Bridgeton prosecuted Bhupendra Bhakta for operating a hotel without a permit for several days, citing him with a violation for each day that the company operated after their license expired.  Plaintiffs were thereby forced by the City of Bridgeton to shut down.

21.      As a direct and proximate result of the City of Bridgeton's refusal to issue a license and permit, the property was foreclosed upon, because Plaintiffs could no longer operate.

WHEREFORE, Plaintiffs pray this Court enter Judgment in favor of Plaintiffs and against Defendant City of Bridgeton for damages in such amount as this court determines will justly compensate Plaintiffs for the damages caused to them by the wrongful conduct of the City of Bridgeton, costs of court and attorney's fees, plus such further relief as this Court deems just and proper.

<div align="center">

**COUNT II**
**42 USC 1983**
**Procedural Due Process**

</div>

COME NOW Plaintiffs, and, in the alternative, for Count II of their Petition for Declaratory Judgment Against Defendant the City of Bridgeton, state to the Court as follows:

22.     Plaintiffs restate and incorporate herein by reference Paragraphs 1 through 21 of Count I as if set forth herein in full.

23.     Defendant's denied Plaintiff's application without any notice of a hearing, hearing, nor opportunity for a hearing, and without a right of appeal.

<div align="center">

4

</div>

Electronically Filed - St Louis County - May 09, 2019 - 10:17 AM

24.      The Bridgeton Code of Ordinances fails both on its face and in practice, to provide any procedure for a notice of a hearing, a hearing, nor any procedure to appeal the denial of a business license and hotel endorsement, nor any notice of any appeal procedure.

25.      Pursuant to the Bridgeton Code of Ordinances, Plaintiffs were in compliance and were entitled to issuance of a business license and hotel endorsement for the 2018 business year.

26.      Plaintiffs held a protectable right, property interest and an expectation of issuance of a license and endorsement, and therefore pursuant to the United States Constitution were entitled to due process, including notice, a hearing and right of appeal prior to denial of Plaintiff's license and permit.

27.      The Bridgeton Code of Ordinances grants persons whose hotel license is revoked a procedure for a hearing and a right to appeal, and further provides that the revocation of the license is stayed while the hearing and appeal take place.  The Missouri statute upon which the Bridgeton code is based provides a right to a hearing and appeal for an operator whose permit is not renewed and provides that they have the right to operate while the hearing and appeal are taking place. Section 315.041 R.S.Mo.    The Code of the City of Bridgeton is therefore inconsistent with state law, and is therefore invalid.

28.      Defendants denied Plaintiffs their constitutional right to a hearing and appeal. The City's conduct violated Plaintiffs constitutional rights to procedural due process pursuant to the 5th and 14th Amendments to the United States Constitution, and Plaintiffs are entitled to relief pursuant to 42 USC Section 1983.

29.      As a direct and proximate result of Defendant's denial of Plaintiff's due process rights and the license and endorsement, Plaintiff's were damaged.

Electronically Filed - St Louis County - May 09, 2019 - 10:17 AM

30.    Plaintiff's damages include lost revenue, loss of value of an ongoing operating business, loss of use of the premises for its intended purpose, loss of employment income, loss of ownership of the property due to foreclosure, loss of compensation for taking of property as further set forth in Count V, attorney fees incurred in defending the prosecution against Bhupendra Bhakta, attorney fees incurred in the prosecution of this case, which is recoverable under 42 USC Section 1989.

WHEREFORE, Plaintiffs pray this Court enter judgment in favor of Plaintiffs and against Defendant City of Bridgeton  for damages in such amount as this Court determines will justly compensate Plaintiffs for their damages in an amount in excess of Twenty Five Thousand Dollars, costs of court and attorney's fees, plus such further relief as this Court deems just and proper.

### COUNT III
### 42 USC 1983
### Illegal Search

Comes Now Plaintiffs, Balaji Hospitality, LLC,   Bhupendra Bhakta and Alka Bhakta and for Count III of their Petition for Damages pursuant to    USC Section 1983 states to the Court as follows:

31.    Plaintiffs restate and incorporate herein by reference paragraphs 1-21 of Count I, and paragraphs 22-30 of Count II, as if fully set forth herein.

32.    On or about September 24, 2016, the City of Bridgeton police department without a warrant and without reasonable cause to believe that anyone was in immediate risk of harm, and without probable cause to believe that a crime had been committed searched the premises of the Capital Inn, searching every room on the premises.

Electronically Filed - St Louis County - May 09, 2019 - 10:17 AM

33.    The search was a violation of Plaintiff's right to be free from unlawful searches and seizures as protected by the Fourth and Fourteenth Amendments to the United States Constitution.

34.    The Bridgeton Police Department performed the search under color of law.

35.    As a direct and proximate result of the conduct of the City of Bridgeton's Police Department Plaintiffs were damaged.

36.    Plaintiffs are entitled to relief pursuant to Title 42 USC Section 1983.

37.    Plaintiffs suffered damages including damages for a violation of their rights, damage to reputation, and lost revenue.

38.    The conduct of the Bridgeton Police Department was intentional, malicious, or with reckless disregard for the rights of Plaintiffs.

WHEREFORE, Plaintiffs pray this Court enter judgment in favor of Plaintiff and against Defendant City of Bridgeton  for damages in such amount as this Court determines will justly compensate Plaintiffs for their damages sustained, costs of court and attorney's fees, plus such further relief as this Court deems just and proper.


### COUNT IV
### 42 USC 1983
### Equal Protection

COME NOW Plaintiffs, and for Count IV of their Petition pursuant to 42 USC Section 1983 Against Defendant the City of Bridgeton, state to the Court as follows:

39.    Plaintiffs restate and incorporate herein by reference Paragraphs 1 through 21 of Count I and paragraphs 22 through 30 of Count II, and paragraphs 31 through 38 of Count III as if set forth herein in full.

Electronically Filed - St Louis County - May 09, 2019 - 10:17 AM

40.     The City of Bridgeton by and through the conduct of its employees engaged in a pattern of conduct which included, the following:

a)      Repeated, frequent visits and inspections of the property

b)       Continuous and repeated stops of guests at the hotel without reasonable cause.

c)      Requests for unreasonable inspections such as demanding the removal of all under-paneling of decks throughout the development for inspection.

d)      Repeated demands for repairs of miniscule de minimus "violations" such as hairline cracks in concrete, dented gutters, painting and chips on HVAC grates.

e)      Repeated requests for private information of guests

41.     The Bridgeton Code of Ordinances grants persons whose hotel license is revoked a procedure for a hearing and a right to appeal, and further provides that the revocation of the license is stayed while the hearing and appeal take place.  The Missouri statute upon which the Bridgeton code is based provides a right to a hearing and appeal for an operator whose permit is not renewed and provides that they have the right to operate while the hearing and appeal are taking place. Section 315.041 R.S.Mo.    The Code of the City of Bridgeton is therefore inconsistent with state law, and is therefore invalid.

42.     Plaintiffs were intentionally treated differently than others similarly situated and there is no rational basis for the difference in treatment, and therefore violated Plaintiff's rights to equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution.

Electronically Filed - St Louis County - May 09, 2019 - 10:17 AM

43.     The City targeted Plaintiffs despite similar hotels in Bridgeton having similar or worse conditions with the intent to drive Plaintiffs out of business for redevelopment purposes because they deemed Plaintiff's guests undesirable.

44.     Plaintiffs are entitled to relief pursuant to 42 USC Section 1983.

45.     As a direct and proximate result of Defendant's denial of Plaintiff's due process rights and the license and endorsement, Plaintiff's were damaged.

WHEREFORE, Plaintiffs pray this Court enter judgment in favor of Plaintiff and against Defendant City of Bridgeton  for damages in such amount as this Court determines will justly compensate Plaintiffs for their damages in an amount in excess of Twenty Five Thousand Dollars, costs of court and attorney's fees, plus such further relief as this Court deems just and proper.

## COUNT V
## Inverse Condemnation

COME NOW Plaintiffs, and, in the alternative, for Count V of their Petition for Damages Against Defendant the City of Bridgeton, state to the Court as follows:

46.     Plaintiffs restate and incorporate herein by reference Paragraphs 1 through 22 of Count I, and paragraphs 22 through 30 of Count II, and paragraphs 39 through 45 of Count IV as if set forth herein in full.

47.     Plaintiffs held a protectable right, property interest and an expectation of issuance of a license and endorsement, and therefore pursuant to the United States Constitution were entitled to due process, including a hearing and right of appeal prior to denial of Plaintiff's license and permit.  Balaji Hospitality LLC owned the real estate at 3655 Pennridge in the City of Bridgeton, Missouri prior to November 2018.

Electronically Filed - St Louis County - May 09, 2019 - 10:17 AM

48.     The City's conduct effectively took and denied Plaintiff's the effective use and enjoyment of their property.

49.     Plaintiffs were unable to use the premises for a hotel, the purpose for which the buildings were constructed, and thereby the city effectively denied them all use of the property.

50.     Bridgeton failed to grant Plaintiffs any notice of a hearing, a hearing, a right to appeal, nor notice of any right to appeal, and failed to compensate Plaintiffs for the taking of their property.

51.     The property, which the City took, prior to the City's conduct described in this Petition had a fair market value as a going concern of Three Million Dollars ($3,000,000).

WHEREFORE, Plaintiffs pray this Court enter judgment in favor of Plaintiff and against Defendant City of Bridgeton  for damages in the amount of Three Million Dollars, plus costs of court and attorney's fees, plus such further relief as this Court deems just and proper.


## COUNT VI
## Tortious Interference with Business Expectancy

Comes Now Plaintiffs and for Count VI of their Petition against the City of Bridgeton, in the alternative, and Bryan Young and states to the Court as follows:

52.     Plaintiff restates and incorporates herein by reference paragraphs 1 through 21 of Count I, as if fully stated herein.

53.     Bryan Young is an individual and an employee of the City of Bridgeton.

54.     In  July, 2018, Plaintiffs were attempting to sell the property known as the Capital Inn, and had a contract to sell the hotel or a business expectation that a certain buyer would purchase the property.

Electronically Filed - St Louis County - May 09, 2019 - 10:17 AM

55.     Bryan Young, acting as an employee of the City of Bridgeton stated to representatives of the potential buyer that the Capitol Inn had significant structural problems.

56.     The Capitol Inn did not have significant Structural problems.

57.     Bryan Young knew or should have known that the Capitol Inn did not have significant structural problems.

58.     Bryan Young had no reasonable basis to believe that the Capitol Inn had any significant structural problems.

59.     Bryan Young had no justification for making the statement.

60.     As a direct and proximate result of Young's conduct the potential Buyer withdrew their offer or contract.

61.     As a direct and proximate result of Defendants' conduct, Plaintiffs were damaged.

62.     Bryan Young's conduct was malicious and intentional, or was made with reckless indifference to the rights of Plaintiffs.

WHEREFORE, Plaintiffs pray this Court grant Judgment in favor of Plaintiffs and against Defendants City of Bridgeton and Bryan Young in such amount as this court deems just to compensate Plaintiff for the damages they sustained as a result of Defendants' conduct in an amount in excess of Twenty Five Thousand Dollars, plus punitive damages, costs of court, and post judgment interest.

## COUNT VII
### Tortious Interference with Business Expectancy

Comes Now Plaintiffs and for Count VII of their Petition, in the alternative, against the City of Bridgeton and Bryan Young states to the Court as follows:

63.     Plaintiff restates and incorporates herein by reference paragraphs 1 through 15 of Count I, as if fully stated herein.

Electronically Filed - St Louis County - May 09, 2019 - 10:17 AM

64.     Bryan Young is an individual and an employee of the City of Bridgeton.

65.     During August, 2018, Plaintiffs were attempting to sell the property known as the Capital Inn, and had a contract to sell the hotel or a business expectation that a second certain buyer was going to purchase the property.

66.     Bryan Young, acting as an employee of the City of Bridgeton stated to representatives of the potential buyer that the Capitol Inn had a lot of asbestos in it.

67.     The Capitol Inn did not have a lot of asbestos in it.

68.     Bryan Young knew or should have known that the Capitol Inn did not have a lot of asbestos in it.

69.     Bryan Young had no reasonable basis to believe that the Capitol Inn had a lot of asbestos in it.

70.     Bryan Young had no justification for making the statement.

71.     As a direct and proximate result of Young's conduct the potential Buyer withdrew their offer or contract.

72.     As a direct and proximate result of Defendants' conduct, Plaintiffs were damaged.

73.     Bryan Young's conduct was malicious and intentional, or was made with reckless indifference to the rights of Plaintiffs.

WHEREFORE, Plaintiffs pray this Court grant Judgment in favor of Plaintiffs and against Defendants City of Bridgeton and Bryan Young in such amount as this court deems adequate to compensate Plaintiff for the damages they sustained as a result of Defendants' conduct in an amount in excess of Twenty Five Thousand Dollars, plus costs of court, and post judgment interest.

Electronically Filed - St Louis County - May 09, 2019 - 10:17 AM

## COUNT VIII
### Breach of Bond Terms

COME NOW Plaintiffs, and, in the alternative, for Count VIII of their Petition for Damages Against Defendant the City of Bridgeton, state to the Court as follows:

74.    Plaintiff restates and incorporates herein by reference paragraphs 1 through 22  of Count I, and paragraphs 23 through 30  of Count II as if fully stated herein.

75.    Despite compliance and issuance of the occupancy permits in 2009, the City has failed to return the cash bond posted by Plaintiffs in violation of the terms of the bond.

76.    As a direct and proximate result of the City's failure to return Plaintiff's Bond Plaintiffs were damaged.

WHEREFORE, Plaintiffs pray this Court grant Judgment in favor of Plaintiffs and against Defendant City of Bridgeton in the amount of Thirteen Thousand Dollars ($13,000) plus pre judgment interest, plus costs of court, and post judgment interest, attorney fees plus such further relief as this Court deems just and proper.


| | |
|---|---|
| STATE OF MISSOURI | ) |
| | ) SS. |
| COUNTY OF SAINT LOUIS | ) |

COMES NOW affiant, Bhupendra Bhakta, and being first duly sworn upon his oath, deposes and states that the facts contained in the foregoing are true and correct according to his best personal knowledge, information, and belief.

_____
BHUPENDRA BHAKTA


Subscribed and sworn to before me this May day of 7 th_____, 2019.

13

Electronically Filed - St Louis County - May 09, 2019 - 10:17 AM

_____
Notary Public

My Commission Expires:


_____

DIANE M. GEORGE
Notary Public, Notary Seal
State of Missouri
St. Louis County
Commission # 13886138
My Commission Expires 10-22-2021

GILLESPIE, HETLAGE & COUGHLIN, LLC


_____
W. LAIRD HETLAGE, #37098
lhetlage@ghc-law.com
120 South Central Avenue, Suite 650
Clayton, Missouri 63105-1705
(314) 863-5444
(314) 863-7720 Facsimile
*Attorney for Plaintiffs*

14

Electronically Filed - St Louis County - May 09, 2019 - 10:17 AM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **Amended Petition for Damages** was delivered via the case.net efiling program, on this 9th day of May, 2019, to Rob Schultz, Prosecuting Attorney, City of Bridgeton, 640 Cepi Drive, Suite A, Chesterfield, Missouri 63005-1221 with a copy via electronic mail.