UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BHUPENDRA BHAKTA, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:19 CV 1379 DDN |
| | ) | |
| CITY OF BRIDGETON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant City of Bridgeton's motion to dismiss Counts I, III and IV of plaintiffs' Third Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 68). The motion is briefed and ready for ruling. The Court grants the motion for the reasons set forth below.

## I. BACKGROUND

In their Third Amended Complaint, plaintiffs Bhupendra Bhakta, Alka Bhakta, and Balaji Hospitality, LLC, allege the following facts. Plaintiffs owned and operated the Capitol Inn hotel located in Bridgeton, Missouri, from 2014 until December 2018. Plaintiffs applied to defendant City of Bridgeton, Missouri, (City) for a business license and license endorsement pursuant to Bridgeton Code of Ordinances § 610.030 and obtained a license and endorsement in August 2009 and every year thereafter until March 2018 when the City denied the permit and endorsement. The City engaged in a pattern of repeated conduct, including property inspections, unreasonable stops of hotel guests, demands for repair due to *de minimis* violations of local regulations, requests for private information of guests, and demands for unnecessary repairs. In March 2018, City denied their application for a license and hotel endorsement without a hearing. Thereafter, City prosecuted plaintiff Bhupendra Bhakta for operating a hotel without a permit, which forced them to close the

business and denied them use of the property. As a result, plaintiffs were ultimately forced into foreclosure on the property.

Plaintiffs bring suit against City under 42 U.S.C. § 1983 and Missouri state law. In Count I they allege City denied their application without a hearing, notice of a hearing, opportunity for hearing, and without a right to appeal in violation of their right to procedural due process. In Count II, they allege the Bridgeton Police Department conducted an illegal search on October 27, 2016 when its officers searched the premises, including every room of the Capitol Inn, without a warrant and without reasonable cause to believe a crime had been committed. Counts III and IV assert claims for inverse condemnation under state and federal law. Counts V and VI assert state law claims for tortious interference with business expectancy on the ground that City employee Bryan Young falsely told representatives of a potential buyer of the property that the Capitol Inn hotel had significant structural problems and asbestos. Count VII asserts a claim for breach of bond terms because City failed to return a cash bond plaintiffs posted in 2009. Count VIII asserts a claim for money had and received because City retained money to which it was not entitled when it failed to return the bond. In Count IX plaintiffs assert the City and Carol Stahlhut, City Clerk, breached their fiduciary duty by failing to return the bond money.

Defendant City now moves to dismiss Counts I, III, and IV for failure to state a claim. Under Rule 12(b)(6), a party may move to dismiss all or part of a complaint for its failure to state a claim upon which relief can be granted. To overcome such a motion a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Such a complaint must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And the complaint must state a claim for relief that provides more than just labels and conclusions, and rises above mere speculation. *Twombly*, 550 U.S. at 555-56.

In reviewing plaintiffs' Third Amended Complaint under this standard, the Court must accept all of plaintiffs' factual allegations as true and draw all inferences in their favor;

but the Court is not required to accept the legal conclusions plaintiffs draw from the facts alleged. *Retro Television Network, Inc. v. Luken Commc'ns, LLC,* 696 F.3d 766, 768-69 (8th Cir. 2012). Additionally, the Court "is not required to divine the litigant's intent and create claims that are not clearly raised . . . and it need not conjure up unpled allegations to save a complaint." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (internal quotation marks and citations omitted).

## II. DISCUSSION

### Count I

In Count I plaintiffs assert a procedural due process claim. Plaintiffs allege that in March 2018, City denied their application for a license and hotel endorsement without a hearing, opportunity for a hearing, or right of appeal. Plaintiffs allege they had paid their taxes, incurred only minor code violations, and otherwise properly operated the hotel. They allege they were in compliance with relevant City Ordinance No. 12-50 and were entitled to issuance of the license and hotel endorsement for the 2018 year. They further allege they were entitled to notice and a hearing prior to any decision not to renew their license and endorsement. They allege City's conduct violated their rights to procedural due process under the Fifth and Fourteenth Amendments.

In support of its motion, City argues plaintiffs have no protectable property interest in the renewal of an expired local business license under Missouri law, and therefore fail to state a federal procedural due process claim. The City contends that while the revocation or suspension of a hotel license might involve a protected property interest, the failure to renew a hotel license does not.

To demonstrate a procedural due process violation, plaintiffs must show a deprivation of life, liberty, or property without sufficient process. *Clark v. Kansas City Mo. Sch. Dist.*, 375 F.3d 698, 701 (8th Cir. 2004). A protected property interest is a matter of state law involving a legitimate claim to entitlement, not a mere subjective expectancy. *Snaza v. City of Saint Paul, Minn.,* 548 F.3d 1178, 1182–83 (8th Cir. 2008) (ruling on summary judgment that plaintiff did not have a protected property interest in her

application for a conditional use permit, because plaintiff failed to meet certain zoning regulations). For this reason, "[a] discussion of whether a party has a right to procedural due process must start with the question of whether the party has a property interest in the thing taken away." *Zenco Dev. Corp. v. City of Overland*, 843 F.2d 1117, 1118 (8th Cir. 1988) (no protectable property interest in the renewal of a municipal liquor license). *See also Double Six Saloon, Inc. v. City of Pacific, Mo.*, No. 4:10-cv-556-CEJ, 2010 WL 4279069 at *1 (E.D. Mo., Oct. 22, 2010) ("The possession of a protected life, liberty, or property interest is a 'condition precedent' to the government's obligation to provide due process of law, and where no such interest exists, there is no due process violation.") (citing *Zenco*, 843 F.2d at 1118, and *Movers Warehouse, Inc. v. City of Little Canada*, 71 F.3d 716, 718 (8th Cir. 1988)).

To establish the existence of a protected property interest, a party must be able to identify the independent source of law allegedly giving rise to such an interest. "Protected interests are created and their dimensions are defined not by the Constitution but by an independent source, such as state or federal law. When the assertedly protected interest is a grant of a benefit or privilege from the government, a person 'must have more than a unilateral expectation of it. He [or she] must, instead, have a legitimate claim of entitlement to it.'" *Double Six Saloon, Inc.*, 2010 WL 4279069 at *1 (quoting *Craft v. Wipf*, 836 F.2d 412, at 416 (8th Cir. 1987)). Absent the existence of an independent source of law giving rise to a protected property interest, plaintiffs cannot state a claim for violation of procedural due process.

> The relevant City of Bridgeton ordinance provides in relevant part:
>
> No person shall operate a lodging establishment who does not possess a lodging establishment license from the City to operate such lodging establishment. Only a person who complies with the provisions of this Section shall be entitled to receive and retain such a lodging establishment license. The License Collector shall approve a lodging establishment license application if:
>
> 1.      The applicant is not delinquent in payment of lodging establishment license taxes at the time of application;

2. The applicant demonstrates that it has a valid license required by the State of Missouri pursuant to Sections 315.005 to 315.065 R.S.Mo.; and

3. No other grounds to deny such lodging establishment license exist under the law.

Bridgeton Code of Ordinances § 610.130.B (Doc. 41-1 at 2). Regarding license renewals, the ordinance provides:

> *Renewals.* Each lodging establishment shall demonstrate that it has fulfilled the conditions required by December first (1st). If the lodging establishment has satisfactorily demonstrated that it has fulfilled the conditions required, then the City of Bridgeton shall issue a new lodging establishment license endorsement for such lodging establishment for the calendar year.

*Id.* at R.1.d (Doc. 41-1 at 8).

In its June 9, 2020 decision the Court declined to dismiss plaintiffs' procedural due process claim, citing Missouri statutes on state lodging requirements which afford a business licensee the right to notice and a hearing before a license is revoked or not renewed. (Doc. 42 at 6; *See* Mo. Rev. Stat. § 315.041.1.) However, after further analysis of this issue, the Court concludes no such property interest exists in this case.

Under Missouri law municipalities have additional authority to regulate lodging establishments after the state issues a permit. Local licensing requirements on lodging establishments is contemplated and referenced in the same set of statutes. *See* Mo. Rev. Stat. § 315.033 ("Compliance with local codes required, when") ("Sections 315.005 to 315.065 shall not relieve any lodging establishment from compliance with local ordinances, regulations, or codes having requirements not contained or greater than those found in sections 315.005 to 315.065.")

Parallel state and local licensing requirements therefore exist. State licensing requirements, however, cannot give rise to a protected property interest in a local municipal license. *See Carpenter Outdoor Advertising Co. v. City of Fenton*, 251 F.3d 686, 689-90 (8th Cir. 2001) (affirming dismissal of procedural due process claim; state permit for outdoor advertising was insufficient to create property interest when City ordinance required separate local permit).

5

Plaintiff's procedural due process allegations pertain exclusively to the non-renewal of its local lodging establishment license. Because Missouri Revised Statutes Chapter 315 pertains to state licensing requirements only, it has no bearing on the issuance of a separate, local lodging establishment license, and thus cannot serve as the "independent source" of an alleged protected property interest in a local license. To the extent the Court assumed earlier that the Missouri state statute was the "independent source" of law giving rise to a protected property interest in plaintiffs' renewal of a local lodging establishment license, the assumption was error.

In Count I of the Third Amended Complaint plaintiffs assert they possessed a "protectable right, property interest and an expectation of issuance of a license and endorsement..." (Doc. 58 at ¶ 27.) Plaintiffs allege in part:

> 28. The Bridgeton Code of Ordinances grants persons whose hotel license is revoked a procedure for a hearing and a right to appeal, and further provides that the revocation of the license is stayed while the hearing and appeal take place. The Missouri statute upon which the Bridgeton code is based provides a right to a hearing and appeal for an operator whose permit is not renewed and provides that they have the right to operate while the hearing and appeal are taking place. Section 315.041 R.S.Mo. The Code of the City of Bridgeton is therefore inconsistent with state law, and is therefore invalid.

(*Id.* at ¶ 28.)

The first sentence of quoted ¶ 28 references sub-section "S" of the Bridgeton ordinance which contains procedures regarding *revocation* of lodging establishment licenses. *See* Doc. 69-1 at 10-11. The Capitol Inn's lodging establishment license was not revoked, but rather expired at the end of its one-year term. Plaintiffs allege as much in their Third Amended Complaint. *See* Doc. 58 at ¶ 6; *see also* Doc. 69-1 at 2 (lodging establishment license valid for one calendar year).

Missouri law distinguishes between license revocation and non-renewal. *See, e.g., Zenco*, 843 F.2d at 1118-19 (distinguishing between license revocation and non-renewal; business applicant had no protectable property interest in connection with the non-renewal of its business license); *Movers Warehouse, Inc. v. City of Little Canada*, 71 F.3d at 716, 720 (business owner had no protectable property interest in renewal of business license;

6

therefore purported procedural due process arguments regarding non-renewal were moot or non-applicable); *Small Hearts Daycare Center II, LLC v. Quick*, No. 4:09-cv-2132-HEA, 2014 WL 186158 at *7 (E.D. Mo., Jan. 16, 2014) (examining cases on license revocation versus non-renewal; noting "Plaintiff has not cited, nor have we found, any statutes or cases establishing that licensed facilities have a property interest in a license renewal under Missouri law."). In this case only the non-renewal of an expired license is at issue. The allegation in ¶ 28 of the Third Amended Complaint that Bridgeton's licensing ordinance is based on Chapter 315 of the Missouri statute is a conclusory allegation without legal support, and therefore must be disregarded. *See Ball-Bey v. Chandler*, 415 F.Supp.3d 884, 890 (E. D. Mo. Nov. 14, 2019) (conclusory allegations are to be disregarded).

The remaining allegations in Count I concern the Ordinance's purported lack of an "objective standard." Plaintiffs allege § 610.130 is unconstitutionally vague on its face and as applied in the use of the phrase "and no other grounds to deny such lodging establishment license exist under the law." They assert the language is so vague that no applicant or City official could possibly understand the meaning of that phrase and that the ordinance is inadequate to define an objective standard for reissuance of a license. (Doc. 58 at ¶ 29.)

The decision whether to approve a local license renewal is inherently discretionary, based on the guidelines set forth in the Ordinance. Compliance with these requirements is mandatory and a prerequisite for obtaining a local lodging establishment license. See Doc. 69-1 at 2 (sub-section B.3 requiring that "No other grounds to deny such lodging establishment exist under the law."). Plaintiffs' allegation that the Ordinance's standards cannot be understood is inconsistent with their admission of code violations at the Capitol Inn. (Doc. 58 at ¶¶ 15, 29-30.) This allegation is insufficient to support a due process claim. *See Cooperative Home Care, Inc. v. City of St. Louis,* 514 S.W.3d 571, 578 (Mo. banc 2017) (municipal ordinances are presumed valid). Furthermore, plaintiffs' objections to the lack of an "objective standard" in applying licensing requirements misses the point. Under plaintiffs' allegations, the City exercised its discretion to deny the renewal of a

7

lodging establishment license. Under these circumstances, plaintiffs have failed to show that any expectation in the renewal of its lodging establishment license rose to the level of a property interest created by state law. Because plaintiffs cannot identify a protected property interest, they therefore cannot state a procedural due process claim.

Count I of the Third Amended Complaint is dismissed with prejudice.

Count III

Counts III and IV assert claims for inverse condemnation under Missouri and federal law, respectively. Plaintiffs allege their property was taken or damaged by the City for a public use without just compensation in violation of the Missouri Constitution. They allege that by denying their distinct investment backed expectation, City invaded a valuable property right and directly and proximately caused consequential damage to their property. They allege City's action in denying the permit constitutes the City "going too far" in the implementation of its Ordinance. They allege the City's application of its ordinance under the guise of exercising police power for the benefit of the general public constitutes a public use. (Doc. 58 at ¶¶ 52-53.)

City argues Counts III and IV fail to state a claim because possession of a recognized, protected property interest is a prerequisite to maintaining a claim for inverse condemnation, *i.e.,* there can be no taking if plaintiffs had no protectable property interest in the renewal of their license. City further argues that to state a valid claim for inverse condemnation under Missouri law, plaintiffs must allege and plead plausible supporting facts that alleged the "taking" was for a public use. City contends that because any action or inaction on the non-renewal of plaintiff's local business license was conducted pursuant to Bridgeton's police powers, plaintiffs fail to state a claim under Missouri law. The City argues that plaintiffs do not plead any facts that suggest that the existence of the Ordinance effectively renders the hotel property without value, and that it can still be used as a hotel or other commercial enterprise by plaintiffs or others as long as it is brought into compliance with the existing City Code.

8

The Court agrees. To state a claim for inverse condemnation under Missouri law, a party must allege that the subject property was taken or damaged by the state for public use without just compensation. *Watson v. City of St. Louis*, 956 S.W.2d 920, 922 (Mo. Ct. App. 1997). As discussed above, plaintiffs do not possess a property right in the renewal of an expired lodging establishment license. On this basis alone, plaintiffs cannot maintain a cause of action for inverse condemnation.

Moreover, plaintiffs have not alleged that their property was taken for public use. Missouri law is clear that a valid exercise of the police power is not a taking for public use. *See Pac. Fire Protection Dist. v. Mosley*, 939 S.W.2d 467, 470 (Mo. Ct. App. 1996); C*ity of Kansas City v. Jordan*, 174 S.W.3d 25, 48 (Mo. Ct. App. 2005) (same); *Marianist Province of U.S. v. City of Kirkwood*, 944 F.3d 996, 1005-06 (8th Cir. 2019) (holding that enforcement of local ordinance did not amount to a taking and therefore did not constitute an inverse condemnation). Because plaintiffs cannot demonstrate a "public use" taking as a matter of Missouri law, they cannot state a claim for inverse condemnation.

Therefore, Count III is dismissed with prejudice.

Count IV

Count IV makes the same factual allegations as Count III but with the federal Constitution as the basis of the inverse condemnation claim. There is no plausible set of facts, however, in which the non-renewal of a discretionary lodging establishment license can amount to a regulatory taking. *Murr v. Wisconsin*, 137 S.Ct. 1933, 1947 (2017) (reasonable land use regulations do not work a taking). As with its state law counterpart, Count IV does not set forth plausible facts to state a cause of action for inverse condemnation under the United States Constitution. The Court concludes from a review of plaintiffs' allegations under the federal standards they invoke that they have not alleged sufficient non-conclusory facts that indicate that the denial of the license renewal deprived them of all economic benefit in their hotel property.

Count IV is therefore dismissed with prejudice.

## II. CONCLUSION

For these reasons,

**IT IS HEREBY ORDERED** that the motion of defendant City of Bridgeton to dismiss Counts I, III, and IV of plaintiffs' Third Amended Complaint (Doc. 68**) is granted.** Counts I, III, and IV of the Third Amended Complaint are dismissed with prejudice.

                                       **/S/   David D. Noce**
                                       **UNITED STATES MAGISTRATE JUDGE**

Signed on June 22, 2021.